IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MELLISSA WOMACK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEMPHIS HOUSING AUTHORITY, ) <br> REBELLIOUS COLE, HCV Manager at ) <br> Memphis Housing Authority, AMBER ) <br> BOHANON, Porting Specialist, and ) <br> CHEIKTHA DOWERS, Housing Choice ) <br> Voucher Program Director at MHA, ) <br> ) <br> Defendants. ) | No. 2:24-cv-02148-TLP-tmp <br><br> JURY DEMAND |

**ORDER ON REPORT AND RECOMMENDATION**

In March 2024, pro se Plaintiff Mellissa Womack sued Defendants Memphis Housing Authority ("MHA"), Rebellious Cole, Amber Bohanon, and Cheiktha Dowers under 42 U.S.C. § 1983. (ECF No. 1.) That same day, Plaintiff also moved to proceed in forma pauperis. (ECF No. 2.) Under Administrative Order 2013-05, the Court referred this case to Chief Magistrate Judge Tu M. Pham for management of all pretrial matters.

Judge Pham granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 6.) Judge Pham also screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and entered a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's Section 1983 claims with prejudice. (ECF No. 7.) Plaintiff then responded to Judge Pham's R&R., which this Court construes as an Amended Complaint. (ECF No. 8.)

For the reasons below, the Court **ADOPTS** the R&R in part and **REMANDS** in part.

1

## BACKGROUND AND THE R&R

In her original Complaint, Plaintiff sued Defendants under 42 U.S.C. § 1983 for how they handled her housing vouchers.  (ECF No. 1 at PageID 2.)  And Judge Pham screened this Complaint under 28 U.S.C. § 1915(e)(2).  (*See* ECF No. 7.)  Judge Pham applied Federal Rule of Civil Procedure 12(b)(6) as the United States Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009).  (*Id.* at PageID 20.)  Judge Pham correctly stressed that federal courts hold pro se complaints "to less stringent standards," but noted that the litigants still "must adhere to the Federal Rules of Civil Procedure."  (*Id.* (citing cases).)  And Judge Pham then recommended that Plaintiff's claims be dismissed with prejudice for failing to state a claim upon which relief can be granted.  (*See generally id.*)

## LEGAL STANDARD

When a plaintiff proceeds in forma pauperis, as in this case, federal courts screen the complaint under 28 U.S.C. § 1915(e)(2)(B).  When screening the complaint, the reviewing court must dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  (ECF No. 7 at PageID 20 (citing 28 U.S.C. § 1915(e)(2)(B)).)  And under § 1915(e)(2)(B), courts consider whether a complaint states a claim upon which relief may be granted using the standard for evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

The Supreme Court set forth the standard for stating a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Under this standard, courts accept as true "well-pleaded" factual allegations in the complaint and decide whether those allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631

F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681); *see also Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) ("To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).

"A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The court need not accept as true any conclusory allegations, and every legal conclusion in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

As noted above, courts must "liberally construe[]" pleadings filed by pro se plaintiffs and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But this "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Pro se plaintiffs must still plead enough "*factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). District courts are not "required to create" a pro se plaintiff's claim for her. *Payne v. Sec'y of the Treasury*, 73 F. App'x. 836, 837 (6th Cir. 2003); *see also Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants." (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004))).

And a magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss a case for failure

to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

An objecting party cannot raise new arguments or issues in objections that it did not present to the magistrate court, unless the party has a compelling reason for failing to raise the issue before. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). And any objections must "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). In fact, "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller*, 50 F.3d at 380)). And so, when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo. *See id.* In any case, the district court need not articulate all its reasons for rejecting a party's objection. *See Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

4

## STANDARD OF REVIEW

Judge Pham entered his R&R recommending dismissal of individual capacity claims, and Plaintiff filed a letter in response[1] that failed to address those claims. The Court thus reviews the R&R's dismissal of those claims for clear error. And Plaintiff fails to show Judge Pham committed any errors—let alone a clear one—in analyzing these claims. But Plaintiff's new filing did add facts related to her due process claims against MHA.[2] (ECF No. 8.) Generally, asserting new facts and claims in an objection is not proper. *See Tolson v. Washburn*, No. 3:19-CV-00175, 2023 WL 1795804, at *6 (M.D. Tenn. Feb. 7, 2023) ("However, courts generally decline to consider new facts raised in a plaintiff's objections to a report and recommendation."); *Norton v. Barker*, No. 221CV00084DCLCCRW, 2021 WL 4128865, at *2 (E.D. Tenn. Sept. 9, 2021) ("Therefore, the Court declines to consider new facts raised in Plaintiff's Objections."). That said, the Court construes the response to the R&R as an Amended Complaint rather than an objection. *See* Fed. R. Civ. P. 15 (authorizing the court to allow amendment "when justice so requires"). The Court addresses these categories of claims in turn.

## DISPOSITION

I. **Individual Capacity Claims**

Judge Pham's R&R correctly found that Plaintiff failed to state a claim against the individual defendants in their personal capacities under 42 U.S.C. § 1983. (ECF No. 7 at PageID

---

[1] Plaintiff responded sixteen days after Judge Pham entered his R&R, but because Plaintiff has pointed to difficulties with filings on PACER, the Court excuses this two-day delay. (*See* ECF No. 8 at PageID 27.) *See also* Fed. R. Civ. P. 6(b) (granting discretion to extend deadlines).

[2] Judge Pham correctly construed any official capacity claim against Cole, Bohanon, and Dowers as part of her claim against MHA. (ECF No. 7 at PageID 22.) *See also, Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent.").

21–22.) As Judge Pham pointed out, to state a Section 1983 claim a plaintiff must allege "(1) a deprivation of rights secured by the 'Constitution and laws' of the United States (2) committed by a defendant acting under color of state law." (ECF No. 7 at PageID 21 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970), *superseded, abrogated, and overruled on other grounds by Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).) *See also Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003); *West v. Atkins*, 487 U.S. 42, 48 (1988).

And as Judge Pham explains, Plaintiff's Complaint alleges no specific actions that Cole, Bohanon, or Dowers took. And so Plaintiff alleges no factual basis for these claims to survive. *See McGhee v. Lipscomb*, No. 2:15-CV-02023-JPM, 2015 WL 4726992, at *6 (W.D. Tenn. Aug. 10, 2015). The Court agrees with Judge Pham that Plaintiff fails to state any individual capacity claims under Section 1983. Finding no clear error, the Court **ADOPTS** Judge Pham's recommendation and **DISMISSES WITH PREJUDICE** these claims.

## II.    Amended Complaint

Following entry of Judge Pham's R&R, Plaintiff filed an "objection" to the R&R that included more facts. (ECF No. 8.) The Court construes this filing as an Amended Complaint.

Judge Pham's R&R explained that Plaintiff's original Complaint "provides no factual information whatsoever to support" her allegations that MHA denied her a hearing. (ECF No. 7 at PageID 25.) This is true. (*See* ECF No. 1.) But the new filing gives some factual context for her claims. For example, she specifies, among other things, that she never got a hearing after sending "multiple emails" and "a certified letter requesting a hearing" (ECF No. 8 at PageID 29, 32) and that MHA "failed to provide [her] with" her file, any documents, or reasons for why they terminated her assistance (*Id.* at PageID 31, 34). Whether these new facts remedy the problems

with the original Complaint, is unclear. So the Court **REMANDS** these new claims against MHA to Judge Pham for screening under § 1915.

## CONCLUSION

Having reviewed Judge Pham's R&R on the individual capacity claims for clear error and finding none, the Court **ADOPTS** his recommendation in part and **DISMISSES** the individual capacity claims as to Defendants Cole, Bahanon and Dowers **WITH PREJUDICE**. Construing Plaintiff's responsive filing as an Amended Complaint, the Court **REMANDS** the remaining claims against MHA to Judge Pham for a new screening under § 1915.

**SO ORDERED**, this 19th day of May, 2025.

                                           s/Thomas L. Parker
                                           THOMAS L. PARKER
                                           UNITED STATES DISTRICT JUDGE